United States District Court
Southern District of Texas

**ENTERED**

May 08, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STAR INSURANCE COMPANY, | § § § § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-01125 |
| GRANITE STATE INSURANCE COMPANY, | § § § § § | |
| *Defendant.* | § | |

## ORDER

Pending before this Court is Plaintiff Star Insurance Company's ("Star Insurance") Motion to Bifurcate and Partial Stay (Doc. No. 27) and Defendant Granite State Insurance Company's ("Granite State") Motion for Stay Pending Resolution of Underlying Lawsuit (Doc. No. 28). Star Insurance requests this Court to bifurcate the defense-related and indemnification-related claims and to stay the indemnification-related claims. Granite Star requests this Court to stay all claims until the underlying litigation, *Lopez v. Military Highway Water Supply Corp.*, No. 2016-DCL-07014, in the 445th Judicial District Court of Cameron County, Texas, is resolved. Upon close review of the pleadings and relevant legal standards, the Court **DENIES** Star Insurance's Motion to Bifurcate (Doc. No. 27) and **GRANTS** Granite State's Motion for Stay (Doc. No. 28).

### I.    Factual Background

This is an insurance coverage dispute. Both Star Insurance and Granite State are insurance carriers for the Military Highway Water Supply Corporation ("MHWSC"). (Doc. No. 27 at 1). In 2016, MHWSC was sued in Cameron County, Texas for personal injuries, property damage, and wrongful deaths allegedly caused by the exposure of toxic substances in the water supply. (*Id.*).

Star Insurance has provided defense costs for MHWSC in the litigation, but Granite State contends that the litigation falls outside the scope of the insurance agreement. (*Id.* at 2). Star Insurance brought this case against Granite State to (1) seek a declaration that Granite State owes MHWSC a defense in the underlying lawsuit, (2) a determination that Granite State owes Star Insurance for its proportionate share of the defense costs in the underlying lawsuit, (3) a declaration that Granite State is obligated to indemnify MHWSC in the underlying lawsuit, and (4) a determination that Granite State owes Star Insurance its proportionate share of the settlement costs in the underlying lawsuit. (*Id.*).

According to the Parties, the underlying lawsuit has reached a "preliminary settlement agreement," but there are still additional tasks required to reach the full and final resolution. (*Id.* at 3). The Parties agree that the indemnification-related claims should be stayed until the underlying lawsuit reaches finality. (Doc. Nos. 27, 28). Nevertheless, Star Insurance and Granite State disagree as to whether the defense-related claims in this case should be bifurcated and continue during the pendency of the underlying lawsuit. The Court addresses those arguments below.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." A motion to bifurcate under the federal rules is a matter within the sole discretion of the trial court. *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018). "[T]he two primary factors to be considered in determining whether to order separate trials are efficient judicial administration and potential prejudice." *Divine Restoration Apostolic Church v. Nationwide Mut. Ins. Co.*, 2010 WL 1064727, at *2 (S.D. Tex. 2010). Separation of

issues for separate trials is "not the usual course that should be followed." *McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993).

### III.    Analysis

As the Parties have agreed to stay the indemnification-related claims during the pendency of the underlying lawsuit, this Court need only determine whether to bifurcate the defense-related claims and allow those claims to proceed. The Court recognizes that it is well-established that the duties to defend and indemnify are "distinct and separate" under Texas law. *Jamestown Ins. Co., RRG v. Reeder*, 508 Fed. App'x 306, 310 (5th Cir. 2013) (quoting *D.R. Horton—Tex., Ltd. V. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009)). These "distinct and separate" claims do not have to be concurrently resolved. *See, e.g.*, *Nautilus Ins. Co. v. Home Remedy Servs.*, No. 4:09-CV-3508, 2011 WL 13130886, at *8 (S.D. Tex. May 31, 2011) (resolving the duty to defend claim but staying the indemnification claim until the resolution of the underlying litigation). Nevertheless, even though those claims can proceed independently of one another, the Court must determine whether the requested bifurcation would avoid prejudice and/or increase judicial efficiency.

First, Star Insurance argues that bifurcating the defense-related and indemnification-related claims would increase judicial efficiency because, as the Parties agree, the indemnification-related claims can only be determined upon the resolution of the underlying lawsuit. (Doc. No. 27 at 6). Star Insurance argues that because the defense-related claims are able to stand alone, those claims should be bifurcated into a separate action and permitted to continue during the pendency of the underlying lawsuit. On the other hand, Granite State argues that bifurcation would do the exact opposite. It argues that bifurcation "would instead *introduce* significant inefficiency, costs, and prejudice" into this otherwise straightforward insurance dispute. Granite State argues that the

3

defense-related and indemnification-related claims should be litigated together to avoid duplicative discovery, separate mediations, and separate trials.

Second, Star Insurance argues that the bifurcation would avoid prejudice. It argues that so long as the underlying lawsuit remains pending, it continues to defend MHWSC without the support of Granite State. Star Insurance argues that it "has paid more than a million dollars in defense costs for its insured while Granite [State] has sat on the sidelines." (Doc. No. 29 at 5). Granite States, on the other hand, contends that Star Insurance would not be prejudiced by a stay of this entire lawsuit because "the duty-to-defend costs at issue are neither urgent nor ongoing here," as "Star [Insurance] already incurred the defense-related costs for which it seeks reimbursement from Granite State" and is only seeking "retroactive contribution." (Doc. No. 28 at 7–8).

On balance, the Court finds the staying the entire litigation would be the most efficient way to resolve this dispute. While the Court recognizes that Star Insurance alleges that it has covered a disproportionate amount of the defense fees in the underlying lawsuit, the parties in the underlying lawsuit have reached and filed a Rule 11 agreement. Under the Texas Rules of Civil Procedure, the agreement serves as a "preliminary settlement agreement" and has effectively notified the court that the parties "intend to enter and execute a formal settlement agreement" upon the completion of certain outstanding tasks. *See* (Doc. No. 27-1) (Declaration of Keith Hutchins). Given that the full resolution of the underlying lawsuit seems to be in the near future, the Court does not find that any potential prejudice to Star Insurance outweighs the judicial economy of handling these claims together.

4

## IV.    Conclusion

For the foregoing reasons, Star Insurance's Motion to Bifurcate (Doc. No. 27) is **DENIED.**

Granite Star's Motion to Stay (Doc. No. 28) is **GRANTED.** This case is hereby **STAYED** and

administratively closed pending the full and final resolution of *Lopez v. Military Highway Water*

*Supply Corp.*, No. 2016-DCL-07014, in the 445th Judicial District Court of Cameron County,

Texas. The Parties are directed to notify this Court within ten days of the full and final resolution

of the underlying lawsuit.


It is so ordered.

Signed on this the ___6___ day of May 2026.

Andrew S. Hanen
United States District Judge

5